UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

JEFFREY JACKSON,

    Plaintiff,

v.                                             Case No. 1:10-CV-1204

MARK K. HILL,                        HON. GORDON J. QUIST

    Defendant.
_____/

**OPINION**

Plaintiff, Jeffrey Jackson, filed this civil rights action[1] against Defendant, Mark Hill, a Deputy United States Marshal, alleging that Mr. Hill filed a false criminal complaint against him asserting that Mr. Jackson assaulted him, without probable cause and when, in reality, it was Mr. Hill who assaulted Mr. Jackson, both of which Mr. Jackson alleges violated his due process rights. Mr. Hill has moved for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment under Fed. R. Civ. P. 56 on the grounds of qualified immunity. For the reasons set forth below, the Court will grant the motion.

**I. BACKGROUND**

Mr. Jackson's unverified one-page complaint contains scant factual allegations. He asserts only that on August 20, 2010, Mr. Hill filed a false criminal complaint against him alleging that Mr. Jackson attacked him, and that the complaint was filed without probable cause and was later dismissed in favor of Mr. Jackson. Mr. Jackson also asserts that Mr. Hill assaulted him by throwing him to the concrete while attempting to falsely arrest him. With his motion to dismiss or for

---

[1] Although Mr. Jackson has not so specified, the Court construes the action as having been brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

summary judgment, Mr. Hill describes the factual circumstances leading up to and surrounding the incident, and attaches a sworn declaration and supporting documentation.  Mr. Jackson filed a response to the motion, however, like the complaint, it is devoid of any factual content apart from the conclusory objection to "all false allegations" in Mr. Hill's motion.  Mr. Jackson's response also fails to provide any evidence by way of affidavit or otherwise to contest the factual allegations set forth in Mr. Hill's motion.  In accordance with Fed. R. Civ. P 56(e), therefore, the Court considers the following facts to be undisputed.[2]

On August 18, 2010, court security personnel at the Gerald R. Ford Federal Building in Grand Rapids, Michigan, issued a directive that Mr. Jackson must be escorted by a court security officer whenever he enters the building. (Def.'s Mot. to Dismiss Ex. A.)  The directive was issued because Mr. Jackson had, on numerous occasions, attempted to bring a cell phone into the building while on probation and because, on the date the directive was issued, he had called the clerk's office and expressed how "upset" he was with them. (*Id.*)  In addition, Mr. Jackson had recently behaved in a threatening and inappropriate manner towards a member of United States District Court Judge Robert Holmes Bell's staff.  (Hill Decl. ¶ 3.)

On August 20, 2010, Mr. Jackson visited the federal building and asked to speak with a supervisor for the United States Marshals Service.  When Mr. Hill arrived, Mr. Jackson requested that he be allowed to conduct his business in the federal building without an escort.  Mr. Hill informed him that due to recent complaints about his inappropriate and intimidating behavior, Mr. Jackson could continue to conduct business with the court, but only with an escort.  Mr. Jackson became very agitated and was escorted out of the building.  (*Id.* ¶4.)  Thereafter, Mr. Hill obtained

---

[2] As set forth in more detail below, the Court will treat this motion as one for summary judgment.  With his reply, Mr. Jackson makes a vague assertion that "in due time the evidence will support my claim." To the extent this can be construed as a request under Fed. R. Civ. P 56(d) for further discovery, it is denied as Mr. Jackson has failed altogether to explain what material facts may be discovered or why he has not previously discovered the information.  *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).

2

Mr. Jackson's criminal history record and spoke with several employees in the federal building about their experiences with Mr. Jackson. (Id. ¶¶ 5-6.) One employee reported that Mr. Jackson had called the clerk's office seven times on August 18, 2010, and during one of the calls indicated his intention to come down the federal building to "settle things." (*Id.* ¶7.) On August 20, 2010, Mr. Jackson reportedly stayed in the clerk's office lobby for two hours and was acting in an agitated manner toward the court security officer who was escorting him. A United States Probation Officer also reported to Mr. Hill that she had spoken with Mr. Jackson that day and that he was acting edgy and appeared to be mentally ill or on drugs such that she denied his request to speak with the Chief Probation Officer at that time. (*Id.*)

At approximately 2:00 p.m. on August 20, 2010, Mr. Jackson returned to the federal building and started arguing with the court security officers at the first floor screening post. (*Id.* ¶ 8.) Mr. Hill was summoned, but by the time he arrived, Mr. Jackson had already left. Mr. Hill instructed the security officers that Mr. Jackson should not be allowed in the building unless he has an appointment and that he must be escorted to any such appointment. (*Id.*)

Around 3:15 p.m., Mr. Jackson returned and attempted to enter the federal building for the third time that day. As instructed, the court security officers informed him that he could not enter without an appointment. When Mr. Hill arrived, he met Mr. Jackson outside. Mr. Jackson told him that he needed to go to the clerk's office to get a complaint form. Mr. Hill had another Deputy Marshal retrieve a complaint form and gave it to Mr. Jackson. Mr. Jackson then said that he needed to go to the clerk's office to get a pen. Mr. Hill gave him a pen. Mr. Jackson then said that he wanted to go to the clerk's office to fill out the form. Mr. Hill again informed him that he would have to make an appointment before he would be allowed to enter the building. (*Id.* ¶10). Mr. Jackson became agitated and began arguing with Mr. Hill. He stated that he had "had enough," was going inside, and that Mr. Hill would have to arrest him to stop him. While Mr. Jackson was turning

3

to gather his things from the bench on which he had been sitting, Mr. Hill touched his back. Mr. Jackson reacted by kicking Mr. Hill in the lower right leg and stepping up onto the bench. Mr. Hill immediately grabbed Mr. Jackson by the waist, pulled him to the ground, and arrested him for assaulting a federal officer. (*Id.* ¶¶13-14.)

Thereafter, Mr. Hill filed a criminal complaint against Mr. Jackson for assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). *United States v. Jackson*, No. 10-mj-75 (W.D. Mich. Aug. 20, 2010). He spoke with the Assistant U.S. Attorney on August 23, 2010, regarding the incident. Because of the difficulties of establishing that Mr. Jackson had intentionally struck Mr. Hill, the prosecutor decided to dismiss the charges. (*Id.* ¶16.)

## II. Motions Standard

Mr. Hill has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Because Mr. Hill has attached a declaration and supporting exhibit that go to the merits of Mr. Jackson's claims and the Court has considered their content, the Court will treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236

(6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

### III. DISCUSSION

#### A. Qualified Immunity

Mr. Hill asserts that he is entitled to summary judgment based upon qualified immunity because his actions did not violate Mr. Jackson's constitutional rights and because, even if a constitutional violation had occurred, Mr. Hill acted in a manner that was objectively reasonable in light of clearly established constitutional rights at the time of the incident.

Qualified immunity shields "[g]overnment officials performing discretionary functions" from liability for civil damages "as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2735 (1982)). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Sixth Circuit has set forth the following three-part inquiry to determine whether a defendant is entitled to qualified immunity:

> (i) whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;
>
> (ii) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and
>
> (iii) whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)) (quotation marks omitted). Unless the plaintiff establishes each of these three elements, qualified immunity must be granted. *Id.*

Construing Mr. Jackson's pro se complaint liberally, he asserts that Mr. Hill violated his constitutional rights by (1) arresting Mr. Jackson without probable cause and filing a false criminal complaint against him and (2) using excessive force in effectuating the arrest.

The Court construes the first claim to be one for malicious prosecution and/or false arrest, both of which require the plaintiff to establish a lack of probable cause. *See Sykes v. Anderson*, 625 F.3d 294, 305, 308 (6th Cir. 2010).[3] "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. *Brooks*, 577 F.3d at 706.

The Court finds that Mr. Jackson has failed to meet his burden of establishing that Mr. Hill lacked probable cause either to arrest him or to file the related criminal complaint. The arrest and complaint were based on Mr. Hill's belief that Mr. Jackson had violated 18 U.S.C. § 111(a)(1), which imposes a criminal penalty on anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a designated officer in the performance of his official duties. Mr. Jackson states that Mr. Hill did not have probable cause, but makes no effort to explain why. At the time he made the decision to arrest Mr. Jackson, Mr. Hill knew that Mr. Jackson had repeatedly interfered with and opposed his own and court security officers' attempts to prevent his unauthorized access to the building; over Mr. Hill's clear direction, Mr. Jackson stated that he had "had enough" and was going inside; and finally, although intentional physical contact is not a necessary element of the offense, *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009), Mr. Jackson kicked

---

[3] Although Mr. Jackson invokes only the due process clause of the Fifth Amendment in his complaint, both claims more properly fall under the protection of the Fourth Amendment. *See Sykes*, 625 F.3d at 308; *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009).

Mr. Hill just prior to the arrest. Accordingly, the Court concludes Mr. Jackson has not established a constitutional violation based upon false arrest or malicious prosecution.

To the extent that Mr. Jackson has alleged that Mr. Hill used excessive force in arresting him, that claim fails as well. An excessive force claim must be analyzed under the Fourth Amendment's standard of objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 395-96, 109 S. Ct. 1865, 1871 (1989). This standard must be applied in light of the reality that "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving." *Id.* at 396-97, 109 S. Ct. at 1872. Thus, "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396, 109 S. Ct. at 1872. In determining whether an officer's actions were reasonable, a court must examine the specific facts of the case. *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (2001)(citing *Graham*).

Construing the facts in Mr. Jackson's favor, the evidence fails to show that Mr. Hill used an unreasonable amount of force in arresting Mr. Jackson. Although he may have grabbed Mr. Jackson and forced him to the ground, Mr. Hill acted reasonably considering the specific circumstances – including Mr. Hill's threatening and confrontational behavior with court personnel, his statement that he was "going in" over Mr. Hill's objection, his physical contact with Mr. Hill, and apparent attempt to get away by stepping onto the bench. Mr. Hill reasonably believed that Mr. Jackson would attempt to re-enter the building and create a safety risk to court personnel. A reasonable officer in Mr. Hill's position would have reason to believe that some force was necessary. Moreover, Mr. Jackson has not alleged nor provided any evidence that he suffered an injury during the arrest. Under these circumstances, the Court finds that Mr. Jackson has not established a constitutional violation based upon excessive force.

Having concluded that Mr. Jackson has failed to establish a constitutional violation, the Court need not consider the remaining steps of the qualified immunity analysis. Because no constitutional violation occurred, Mr. Hill is entitled to qualified immunity and summary judgment is proper. *Davenport v. Causey*, 521 F.3d 544, 550 (6th Cir. 2008).

Finally, Mr. Jackson has also filed a motion for declaratory judgment pursuant to Fed. R. Civ. P. 57. The motion is not related to his constitutional claims, however. Instead, Mr. Jackson seeks a declaration that he is a "Moorish-American National" who is not subject to state or federal jurisdiction and that under the "Treaty of Peace and Friendship between the U.S. and the Empire of Morocco," any dispute between him and a United States citizen must be resolved by the United States Consulate. Even if the motion had alleged an actual controversy between the parties, which it does not, *see* 28 U.S.C. § 2201(a), the Court would decline to exercise its jurisdiction over the issue because a judgment would not settle the controversy between the parties, *see AmSouth Bank v. Dale*, 386 F.3d 763, 784-85 (2004) (explaining that district courts have discretion to determine whether to entertain an action under the Declaratory Judgment Act and setting forth the factors to consider). Therefore, Mr. Jackson's motion for declaratory judgment will be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant summary judgment in favor of Mr. Hill.

An Order consistent with this Opinion will be entered.

Dated: April 14, 2011  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE